This was an action of detinue by James W. Newsom, administrator of Benjamin Pledger, Willie F. Pledger, Matilda Pledger, and Charity, Kinchen, John, and Jesse Pledger, infants, by their next friend, Willie T. Pledger, against the defendant, to recover a negro slave named Cary. The defendant pleaded "non detinet and statute of limitations," and issue was joined. The jury found a verdict for the plaintiffs, subject to the opinion of the court upon the following case reserved:
On 20 November, 1819, one John Pledger made a deed of gift, which was duly acknowledged at December Term, 1819, of Northampton County Court, in which county both the donors and donees then resided. The said deed, which was duly proved and recorded, is in the following words, viz.:
To all people to whom these presents shall come, I, John Pledger, of the county of Northampton and State of North Carolina, send greeting: Know ye, that I, the said John Pledger, for and in consideration of the natural love and affection which I have and bear unto my beloved grandsons, Benjamin W. Pledger and Willie Pledger, sons of my son George W. Pledger; and if, also, my said son George W. Pledger's present wife, Becky Pledger, should have another child or children, then and in that case to be equally benefited in this gift with the two above (278) mentioned; and for divers other good causes and considerations me hereunto moving, have given and granted, and by these presents do give and grant unto the said grandchildren, one negro man named Cary, to have, hold, and enjoy the said negro Cary unto the said Grandchildren, their executors, administrators, and assigns, forever. And I, the said John Pledger, all and singular the aforesaid negro Cary to the said grandchildren, their executors, administrators, and assigns, against *Page 197 
all persons whatsoever, shall and will warrant and defend by these presents. In witness whereof I have hereunto set my hand and seal this 20 November, 1819. JOHN PLEDGER. (SEAL)
 In presence of R. WHITAKER.
This deed was proved at December Term, 1819, and registered 24 January, 1820. At the time of the execution of this instrument, Benjamin W. Pledger and Willie Pledger, mentioned in the deed, were the only children of George W. Pledger and Becky, his wife, and were infants living with their father, George. The negro slave named in the deed went into the possession of the said George, and so continued until 1829, when the defendant's testator took possession and held and kept the slave as his own property until his death in the year ____, when the defendant assumed possession as executor, and hath retained and still retains it, after notice of the plaintiffs' claim, and refuses to surrender the slave to them. In 1831 Benjamin Pledger departed this life, intestate and an infant under the age of 21 years, and at March Term, 1841, of the county court of Northampton administration on his estate was duly committed to the plaintiff James W. Newsom; the other plaintiffs are children of the said George and Becky, born after the execution of the deed, and all of them before 1829, except Jesse Pledger, who was born in 1830. All were infants at the institution of this suit, except Willie, who came of full age within less than three years before its commencement.
On the trial it was insisted on the part of the defendant that (279) the said deed passed the whole legal title in the slave to the donees therein named, and who were living at the time of its execution; and that the grandchildren subsequently born did not, upon their births, become entitled at law under the said deed; and so the defendant's counsel insisted that the plaintiffs were not entitled to maintain this action. And the defendant's counsel further insisted that if the plaintiffs were entitled to recover the slave, yet as to the hire of the slave, while in the possession of the defendant's testator and before all the plaintiffs were in being, a recovery could not be had in this action. And it is agreed, if the court shall be of opinion that the plaintiffs are not entitled to maintain this action, judgment of nonsuit is to be entered; otherwise, judgment to be given upon the verdict. And if the court shall be of opinion with the defendant, upon the latter point as to the hire, then the damages are to be reduced by striking out therefrom the sum of $72.50 for the hire accrued before the birth of the last born of the plaintiffs, and judgment to be for the plaintiffs for the residue.
Upon consideration of which the presiding judge being of opinion with the plaintiffs, it is, therefore, considered by the court that the plaintiffs *Page 198 
recover of the defendant the negro slave Cary, of the value of $700, and also the sum of $942.50 as damages for his detention; from which judgment the defendant appealed to the Supreme Court.
If the act of 1823, ch. 1211 (Rev. Stat., ch. 37, sec. 22), could help in a deed like this, yet it cannot operate on that before us, inasmuch as it was made in 1819, before the act passed. As a conveyance at common law, it is clearly ineffectual to vest the slave in persons then unborn, the limitations to such persons not being by way of (280) remainder after a proper particular estate. To make a deed valid, the grantee as well as the grantor must be in esse. Upon the case agreed, therefore, the judgment of the Superior Court must be reversed, and the judgment of nonsuit entered.
PER CURIAM. Reversed.